UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO. 5:07CV2700 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| JEURGEN WALDICK | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

On September 6, 2007, plaintiff pro se Teresa J. Taylor filed the above-captioned in forma pauperis complaint against Allen County, Ohio, prosecutor Jeurgen Waldick. On November 19, 2007, Ms. Taylor sought to amend her complaint by adding citations to statutes that she had omitted in her original complaint. Ms. Taylor asserts this court's jurisdiction based on a series of civil rights statutes, section 2679 of the Federal Tort Claims Act, and alleged violations of the fifth and Fourteenth Amendments of the United States Constitution. She is seeking $1 million in damages.

**Background**

Ms. Taylor alleges that she was raped and "corrupted, a victim of importuning who then took the case to the County Prosecutor, Jeurgen Waldick." (Compl. at 2). She claims Mr. Waldick refused to prosecute because he did not want to charge "the alleged perpatrator [sic] with a felony." (Compl. at 2). It is Ms. Taylor's contention that the Defendant "deprived her of her right to be protected by the law," and that he discriminated against her based on sex.

1

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## Lack of Subject Matter Jurisdiction

Ms. Taylor cannot pursue any claim against Defendant based on the facts she alleges.  The Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Moreover, absolute prosecutorial immunity extends to actions "intimately associated with the judicial phase of the criminal process."  Id. at 430.  Thus, "[t]he decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the Imbler holding."  Boone v. Kentucky, 72 Fed. Appx. 306, 307 (6th Cir. 2003).  In this case, the prosecutor's alleged refusal to seek an arrest warrant is insulated by absolute prosecutorial immunity, because it is integral to the initiation of prosecution.  Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997).

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

**Conclusion**

For all of the foregoing reasons, Ms. Taylor is granted leave to proceed <u>in forma pauperis</u> and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies that an appeal from this dismissal could not be taken in good faith.[2]

IT IS SO ORDERED.


DATED: November 30, 2007         _s/ John R. Adams_____
                                 John R. Adams
                                 UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."